# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ESMOND SANFORD, #32269,    )
        )
        Plaintiff,    )
        )
vs.        )    Case No. 14-cv-00566-MJR
        )
MADISON COUNTY JAIL,    )
MADISON COUNTY MEDICAL UNIT,    )
and MADISON COUNTY ILLINOIS,    )
        )
        Defendants.    )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Esmond Sanford, a pretrial detainee at Madison County Jail ("Jail"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims, among other things, that Defendants have violated his rights under the Fourteenth Amendment by subjecting him to unhealthy and harmful conditions of confinement, denying him adequate access to the courts, and denying Muslims an equal opportunity to exercise their religion.

On May 19, 2014, Plaintiff filed the present complaint. (Doc. 1). Two days later, the Court entered an order (Doc. 5) directing Plaintiff to provide the Clerk of Court with documentation regarding his trust fund account statements. Either the Plaintiff misunderstood the Court's order or he never received it. Proceeding under the mistaken belief that the Court had never received the first complaint, Plaintiff filed another complaint, which was nearly identical to the first, on May 22, 2014. (*See* Case No. 14-cv-00592-MJR, Doc. 1, filed May 22, 2014, S.D. Ill.).[1] On June 13, 2014, the undersigned Judge entered an order in Case No. 14-cv-

---

[1] In the complaint dated May 22, 2014, Plaintiff alleges that jail staff tampered with his legal mail and interfered with it reaching the Court. (*See* Case No. 14-cv-00592-MJR, Doc. 1, ¶¶ 12-13). However, the Court had, in fact, received Plaintiff's original filing. (present action, Doc. 1). Therefore, those claims are moot.

00592-MJR (Doc 5) consolidating the two cases and closing the later filed case without the assessment of a filing fee.  Plaintiff's original complaint, the matter now under review, remains open.

### Merits Review Under 28 U.S.C. § 1915A

Accordingly, this case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.   28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).   Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements."  *Id*.  At the same time, however, the factual allegations of a *pro se*

complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  Upon careful review of the complaint, the Court finds that several of Plaintiff's claims against Defendants are subject to dismissal under § 1915A.

## Discussion

**Legal Standard for Pre-trial Detainee Claims**

Plaintiff, a pretrial detainee, is currently being held at the Madison County Jail. Plaintiff's claims therefore arise under the Due Process Clause of the Fourteenth Amendment. *See Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (citing *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012)).  *See also Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008).  Although the Seventh Circuit has made it clear that pretrial detainees are afforded "*at least* as much protection as the constitution provides convicted prisoners," the Seventh Circuit has also "found it convenient and entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'"  *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (emphasis in original) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999) (citing *Cavalieri v. Shepard*, 321 F.3d 616, 620 (7th Cir. 2003)).

The Court finds it convenient to divide the complaint into five counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**Count 1:      Conditions of confinement claim against Defendants for subjecting Plaintiff to conditions that amounted to cruel and unusual punishment**

Plaintiff asserts a number of claims about the conditions of his confinement at the Madison County Jail.  Specifically, he complains: on several occasions officers have insulted

him (Doc. 1, ¶ 4); detainees went without hot water for two weeks when the hot water heater broke (*Id*.); detainees receive an unhealthy diet consisting of "1 hot meal a day, 1 honey bun and milk for breakfast, cold sandwiches and chips at night every night" (*Id*. at ¶ 4); in order "to keep germs down" the jail keeps the temperature set at fifty degrees year round (*Id*. at ¶ 6); and detainees are not allowed any recreational/exercise time year round (*Id*. at ¶ 7).

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceed contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes,* 452 U.S. at 347; *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994). In conditions of

confinement cases, the relevant state of mind is deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

In the present case, Plaintiff complains that the conditions of his confinement amount to cruel and unusual punishment; however, he never identifies any harm that has occurred as a result of the conditions. While a plaintiff need not necessarily allege a *present* injury, at least *some risk of some harm* should be evident from the pleadings. By its nature, confinement is not designed to be a walk in the park. Conditions may be unpleasant without being unconstitutional. While the lack of hot water for two weeks, unhealthy food, and verbal abuse by correctional officers may not be sufficient to state a conditions of confinement claim, Plaintiff's allegations that the jail is kept at fifty degrees year round and that he has not been allowed to exercise since October 2013 warrant further review. *See, e.g., Lewis v. Lane*, 816 F.2d 1165, 1171 (7th Cir.1987) ("[a]n allegation of inadequate heating may state an eighth amendment violation."); *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013) (finding that a denial of exercise and yard privileges even less than 90 days may constitute a violation of the Eighth Amendment).

However, in addition to failing to explain how the alleged violations harmed him, Plaintiff has also failed to make it clear how each named Defendant is liable on each claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005)

(citations omitted).  Without tying an individual defendant to specific acts, the complaint fails to establish a constitutional violation on the part of any particular defendant.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and can properly answer the complaint.  *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a specific defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

In the present case, Plaintiff does not identify a single individual who personally participated in any of the alleged constitutional deprivations.  Instead, the only named defendants are Madison County Jail, Madison County Medical Unit, and the County of Madison, Illinois.  A plaintiff may only proceed on a § 1983 claim against a municipality or other local government unit if he alleges that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality.  *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.,* 449 F.3d 751, 765 (7th Cir. 2006).  Here, Plaintiff alleges that the temperature is always kept at fifty degrees and detainees are never allowed time to exercise in the yard.  Although Plaintiff does not explicitly state which Defendant is responsible for setting these alleged policies, the Court presumes it would be the Madison County Jail. Therefore, Plaintiff may proceed on his claim that the cold temperatures and deprivation of exercise amounted to cruel and unusual punishment (**Count 1**) against Madison County Jail only.

**Claims Subject to Dismissal**

**Count 2:**      **Deliberate indifference claim against Defendants for posing a risk to Plaintiff's health when they failed to quarantine a detainee who had Hepatitis C from the general population**

Plaintiff alleges that he was exposed to Hepatitis C when Defendants allowed another inmate, who was known to be infected with the Hepatitis C virus, to use the showers, telephones, day room toilet, and day room sink. Plaintiff asserts that Defendants should have quarantined the inmate who was infected with Hepatitis C.

As discussed above, to proceed on a claim of deliberate indifference, Plaintiff must allege that: (1) the harm to Plaintiff was objectively serious; and (2) the official acted with deliberate indifference to Plaintiff's health or safety, which is a subjective standard. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). Although Hepatitis C is objectively serious, Plaintiff has failed to allege facts supporting a claim that the harm *to Plaintiff* was objectively serious. According to the Centers for Disease Control ("CDC"), "Hepatitis C is usually spread when blood from a person infected with the Hepatitis C virus enters the body of someone who is not infected." (*See* CDC, *Hepatitis    C    Information    for    the    Public*, http://www.cdc.gov/hepatitis/c/cfaq.htm (last updated February 10, 2014). Hepatitis C is most commonly transmitted through sharing needles or other equipment to inject drugs. *Id*. Although uncommon, Hepatitis C may be spread through sharing personal care items that may involved the exchange of blood, such as a razor or toothbrush. *Id*. But, "Hepatitis C virus is not spread by sharing eating utensils, breastfeeding, hugging, kissing, holding hands, coughing, or sneezing. It is also not spread through food or water." *Id*. Based on the foregoing, Plaintiff has failed to allege facts suggesting that Defendants put him at risk of contracting Hepatitis C by allowing a

known carrier to share common spaces with other inmates.  As such, **Count 2** will be dismissed without prejudice against all Defendants.

**Count 3:      Deliberate indifference claim against Defendants who allowed non-medical employees to distribute medications**

Next, Plaintiff claims that Defendants have allowed officers to pass out medications to inmates.  Plaintiff states that officers are not authorized to handle medications. (Doc. 1, ¶ 2).  Although the Court can imagine how this practice might subject Plaintiff to an objectively serious harm, Plaintiff has failed to allege any facts suggesting that this practice has in fact resulted in some kind of harm or poses a serious risk of harm.  Without more, Plaintiff may not proceed on this claim.  At this time, **Count 3** will be dismissed without prejudice against all Defendants.

**Count 4:      Denial of access to courts claim against Defendants for limiting Plaintiff's access to the law library facilities and personal legal documents**

Plaintiff asserts that "inmates are not taken to the law library on a continuous basis." (Doc. 1, ¶ 6).  Further, he complains that the law library books are outdated and unfit to use.  *Id*.  Lastly, he claims that Madison County has an ordinance, which bars inmates from possessing a motion of discovery. *Id*. at ¶ 5.  Plaintiff does not explain if or how these actions have impacted his ability to access the courts.

In order to proceed on an access to courts claim, a prisoner must show actual substantial prejudice to specific litigation.  *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062 (1993). "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the

prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

The complaint does not suggest that Plaintiff suffered any "actual substantial prejudice to specific litigation." *Kincaid*, 969 F.2d at 603. He generally alleges that he needs access to the law library in order to have a "better understanding of the law" and to prepare for his criminal case. However, Plaintiff does not allege, and the complaint does not suggest, that he has suffered actual prejudice in his criminal case. Accordingly, **Count 4** shall be dismissed without prejudice against all Defendants.

> **Count 5:** **Religious discrimination claim against Defendants for allowing Christians to have a longer religious service than Muslims.**

Finally, Plaintiff asserts that "Imams are only allowed 30 minutes when Christians are allowed 1 hour to have services." (Doc. 1, ¶ 8). Plaintiff provides no other facts related to this claim. If Plaintiff tied specific defendants to this claim or alleged that this differential treatment was the result of a policy, practice, or custom adopted by any of the named Defendants, he might possibly have a claim. But he has not. Therefore, **Count 5** shall also be dismissed without prejudice against all Defendants.

For these reasons, **Counts 2-5** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. Further, Defendants Madison County Medical Unit and Madison County, Illinois shall be dismissed entirely from this action without prejudice. Plaintiff may proceed on **Count 1** against Defendant Madison County Jail.

Should Plaintiff choose to pursue any of these claims further at some later time, as a precautionary note, he should first review *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), which precludes him from bringing unrelated claims against different defendants in the same lawsuit. *Id.* at 607.

**Pending Motions**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) remains pending and shall be addressed by the Court in a separate order, once Plaintiff has filed the necessary trust fund account statements for the period 11/1/2013 to 5/19/2014 as directed by the Court's Order (Doc. 5) dated May 21, 2014.  Plaintiff is reminded that failure to do so will result in dismissal of this action.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams and addressed in a separate order.

**Disposition**

**IT IS HEREBY ORDERED** that Defendant **MADISON COUNTY MEDICAL UNIT** and **MADISON COUNTY, IL** are **DISMISSED** without prejudice from this action.

Plaintiff may proceed only on **COUNT 1** against Defendant **MADISON COUNTY JAIL**.

**IT IS FURTHER ORDERED** that **COUNTS 2-5** are **DISMISSED** against all Defendants without prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for Defendant **MADISON COUNTY JAIL**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* is granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 18, 2014**

s/ MICHAEL J. REAGAN
United States District Judge